Chief Justice Bibb
delivered the Opinion of the Court.
At July term, 1819, Scott and Coffy exhibited their bill against nos Cook, and the assignees of a note given to Cook, by the complainants, for $320, to be relieved against a judgment at law, obtained by the last assignee.
The ground of relief charged in the bill is, that is note of $32Q, with another of $100,) were executed to Cook, in consideration of Cook’s covenant (with Wm. Hereford as his surety) to deliver to the complainants, on Cumberland river, a boat 50 feet long and 15 feet wide, by the 25th February, 1818, and two hundred barrels of corn on the Cumberland bottom, convenient to said boat, at a place designated therein, for the delivery of the boat and corn.
That afterwards, in satisfaction of Cook’s covenant, then broken, they received from Cook two hundred barrels of corn, and an assignment of Knos Barnes’ covenant to Cook, to deliver him a like boat and one hundred barrels of corn, at reasonable gathering time, in consideration of $245, to be paid by Cook.
This covenant bears date 14th October, 1817, and was assigned by Cook, on the 26th of February, 1818, to the complainants.
That at the time of the assignment, Cook assured them that the whole of Barnes’ covenant was unperformed and undischarged, when in truth it had been performed to Cook himself, which Cook fraudulently concealed, and that Cook is insolvent.
That the boat was worth one hundred and fifty dollars, and the corn one hundred and fifty dollars.
For this sum of $300 an injunction was obtained.
Answer of Stone and Oats.
Cook’s Answer.
Pinkston’s answer.
Continuances.
Special order of continuance, that the complainant should be ready for trial at next term, without further indulgence.
Complainants except to answers.
Hearing without attention to the exceptions to the answers, and without objection to the depositions.
*281 On the 26th October, 1819, James Stone and Joshua Oats. two of the assignees, filed their answers in Court, denying all knowledge of the equitable circumstances alleged in the bill.
On the fourth day of the same term, 28th October, fold, Cook filed his answer; in which be denies that be represented the corn and boat an both due from Romeo, but on the contract that the corn bad boon delivered by Ramos, and was a part of the two hundred barrels which in complainants had receive, that the complainants; were to informed at the time of the alignment, and that the covenant of Frances for the heat only, in payment for the like best which Cook owed complainants, was assigned and so stated and declared at the time of the assignment.
He denies his own insolvency, denies that Barnes ever delivered the boat to him, and if Barnes failed to satisfy (be complainants, it was their own fault, that they had not received satisfaction by compulsory means, Barnes being solvent.
At the same term, October 1810, Pinkston filed his answer denying any knowledge of tne equitable circumstances alleged in the bill.
Until October term 1820, the cause was continued; at this term the cause, was continued on the motion of the complainants, and for cause shown.
At the April term, 1821, the complainants again obtained a continuance uni ii the next July term, under the special order in be prepared for trial at that term, without further indulgence.
At that term, (July 1821.) end on the third day of the term, (tie complainants filed exceptions to the answers of all has Cook, because (hey did not respond to the allegation of Cook’s insolvency.
At the October term 1812 the case was continued by connect of parties — and from term to term, without any special movement in the case, it was continued until the April term, 1823, when it was heard, without any attention to the exceptions to the *282 answers, and Without any appearance of exceptions to the reading of the depositions.
Decree dismissing complainants bill.
Exceptions filed to answers must be called up and insisted on.
Exceptions to depositions in the circuit court.
The court held the case under advisement, unfit term 1823, When the bill was dismissed with costs: from which the complainants have appealed.
The counsel for complainants now object that the exceptions to the answers were not disposed of by the circuit court. To this objection the answer is that the complainants never brought those excep-tions up for argument or decision. He filed them and abandoned them by doing nothing with them or touching them. He proceeded term after Let in, from July term 1821. fill April 1823, as if upon replication filed, and as upon a case standing for hearing. The statute, which disperres with the necessity of a replication, and makes the. ease stand for trial at the next term after answer filed, and which dispenses with the rules in the office, and requires all rules and proceedings to be taken in court, has .so far innovated upon the ancient usage and practice in chancery, as to leave, the courts in many instances without any certain guide in .matters of practice. But we. cannot indulge a practice of filing exceptions and never insisting on them in the court below,- nor asking in any way the decision of the court upon them; and after such quiescence, permit the party to insist upon the exceptions here, as an error of the in court below in not disposing of the exceptions in some way. All that the, party has aright to claim in such case is, to apply the usual rule, in cases of allegations not confessed nor denied by answer, as upon replication by complain ants.
The counsel for complainants likewise, moves exceptions to depositions, tor want of notice., and because the notice's were not served in time, am! because the depositions taken on behalf of the defendants, were of witnesses who had been previously examined on ihv. part of the defendants, and no order had been obtained for re-examining these witnesses.
*283 The depositions alluded to by the complainant, and intended to be excluded, are of
James Conn, taken on the 10th of June, 1822,
Josiah Barnes, taken at the same time.
Martin Conn, taken at the same time.
The exceptions alluded to, were endorsed upon the depositions in the clerk’s office, on the 9th July, 1822, and signed by the attorney for the complainants.
But from that time, and at the hearing, nothing was done upon those exceptions. There is nothing in the record to shew that these exceptions were ever insisted on; no notice of them before the court, at any time appears, nor is there arty decision of the court asked. They were read, it. seems, and so the objection now made admits, and it is alleged that the court erred in permitting them to be read with* out disposing of the exceptions.
Exceptions so endorsed upon the depositions taken on the part of the complainants, were filed by the defendants in the clerk’s office, bearing date ora the 23d April, 1821, to the depositions of
Wm. Barnes, Sen,, taken 20th April, 1821,
Enos Barnes, taken same time,
Wilsher Buckhannon, taken same time,
Wm. Barrios, taken at same time;
1st. Because there was no legal or sufficient notice,
2nd. Because they arc not regularly certified by the justice,
3d, Because there is no leave for taking them, the same witnesses having been previously examined in the cause.
To the depositions of
Josiah Barnes, taken on the 26th of July, 1821,
James Dean, same time,
Gordon C. Stephenson, same time, and
George Berry, same time,
1st Because there was no notice;
2dly. Because they were not legally certified.
Jake the exceptions of the complainant, those of the defendant passed, sub silentio, and all the depositions were read.
If all the depositions on either side are erroneously read below, on this court so deciding it will consider and determine the cause on the Bill and answer.
Exceptions to depositions for want of notice and other irregularities, must be called up and decided below, otherwise it cannot be assigned for error, that they were read—
—Is is otherwise when the objection is for interest and incompetency to be proved by the facts in the cause.
Examination of the proofs: and decision.
No notices appear for either party; and if this court; must now look to these exceptions so endorsed by the complainants, they must equally look to the exceptions so endorsed by the defendants. If the exceptions of complainant for want of notice prevail, ho must the exceptions of defendant for want of notice, and all the depositions would he excluded for want of notice; this court would hear tho causo upon the, depositions only, which could have been read, excluding all which should not have been read, The exceptions by complainants and defendants go to ail the depositions, and in such case, Ibis cauce would stand upon bill and answers anything the equity of the bill, and so the decree would he affirmed. For the answer of Cook in full and denies every matter in the, bill upon which to propriety of relief in equity depends, and against Cook, the assignor, the, equity was alleged.
But it is not proper to indulge a practice, of filing exceptions to depositions, for irregulalitien, suffering them to sleep in the court below, without calling the attention of that court to them, nor asking an adjudication, and for the first time to move, such exceptions in this appellate court, by surprize, and demanding of this court a revision of what the court of original jurisdiction has neither decided nor been asked to decide.
It is the intention of the court to confine these remarks to exceptions for irregularities, and not to apply them to exceptions for interest and incompetency appearing in the cause.
It is clear in proof that, the complainants had received of Cook the corn, and on the. same day received of him the, assignment of Barnes obligation, that at the time of the assignment is was difficulty made known and understood that Barnes had delivered the, corn, and was bound for the delivery of the boat only. And the evidence does not prove that Barnes Cook had received the boat or satisfaction for it. The weight’of evidence is against it and corroborates the positive, denial of the answer.
The case as stated in the bill is not mad" out in *285 proof. The complainant must pursue Barnes who is no party to this suit. The case alleged in the bill differs widely from that which appears in proof. As the, case appears in proof, the complainants are not entitled to relief.
Mayes, for appellant; Taul, for appellee.
The decree must be affirmed with costs, &c.